# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4023 | **DATE** | 7/7/2010 |
| **CASE TITLE** | Juan Basurto vs. Michael Astrue, Commissioner Social Security | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Juan Basurto's ("Basurto") application for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5] are granted. The Clerk of Court is directed to docket Basurto's complaint without payment of the $350 filing fee and to appoint counsel.

Basurto is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for service on the named defendant. The Marshal is requested to serve the complaint and appropriate papers on the named defendant. The case is set for a report on status at 9:00 a.m. on August 17, 2010. Counsel for plaintiff and the defendant are requested to attend.

■[ For further details see text below.]        Notices mailed.

## STATEMENT

     On June 29, 2010, plaintiff Juan Basurto ("Basurto") filed a complaint against defendant Michael Astrue, Commissioner of Social Security, seeking review of the denial of Basurto's requests for Supplemental Security Income disability benefits under Title XVI of the Social Security Act. Along with the complaint, Basurto filed an application for leave to proceed *in forma pauperis* ("IFP") and a supporting financial affidavit (Dkt. No. 4), as well as a motion for appointment of counsel (Dkt. No. 5).

     Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

     According to his affidavit, Basurto earns approximately $1200 a month, working only seven months a year at a "Catholic Cemetery." (Dkt. No. 4 ¶ 2.) His wife contributes approximately $250 a month to their household income. (*Id.*) Neither Basurto nor his wife has more than $200 in a checking or savings account, and although Basurto's wife holds some common stocks, they are worth "very little." (*Id.* ¶ 6.) Basurto's affidavit also identifies a single-family home held in his wife's name valued at $180,000 with a monthly mortgage payment of $1055. Based on these allegations, the court finds that Basurto is unable to pay the $350 civil filing fee in this case. Because the court has no reason to believe that Basurto's action is frivolous,

| STATEMENT |
|---|

fails to state a claim, or seeks monetary relief against an immune defendant, Basurto's application for leave to proceed *in forma pauperis* is granted.

This court is also authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). "The first step in this analysis . . . is a threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655. If the plaintiff has not made reasonable efforts to obtain counsel on his own, the court must "deny [the motion] out of hand." *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992)).

In his motion for appointment of counsel, Basurto lists several attorneys and organizations he has contacted to seek representation in this case. (*See* Dkt. No. 5 ¶ 2.) The court finds that these contacts demonstrate Basurto's reasonable efforts to obtain counsel. Basurto also states that his highest level of education is "[s]ome high school" and that he has limited ability to speak, write, and/or read English "[d]ue to [d]isabilities." (*Id.* ¶ 6.) Based on Basurto's education and his communication challenges, the court believes that Basurto will have difficulty litigating this case by himself and that appointed counsel will greatly assist in bringing this case to a resolution. Accordingly, Basurto's motion for appointment of counsel is granted.